J-S11024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMIEN LYNELL WYCHE | : | |
| | : | |
| Appellant | : | No. 968 WDA 2024 |

Appeal from the Judgment of Sentence Entered August 10, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007413-2022

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.: **FILED: April 9, 2025**

Appellant, Damien Lynell Wyche, appeals *nunc pro tunc* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for persons not to possess firearms and simple assault.[1]  We affirm.

The relevant facts and procedural of this case are as follows.  Appellant and Tarell Green are the parents of three children, although they are no longer involved in a romantic relationship.  On September 23, 2022, Appellant disciplined one of the children by "popping" her in the mouth.  After Ms. Green told Appellant not to touch the child, an argument ensued outside of Ms. Green's home, in the presence of the children.  The argument culminated with Appellant removing a firearm from his fanny pack and threatening to "murk"

---

[1] 18 Pa.C.S.A. §§ 6105 and 2701, respectively.

Ms. Green.[2]  The children broke up the argument and one of the children, D.G.,[3] pushed Appellant into a nearby alley, where he observed Appellant place the firearm in a trashcan.

Appellant was arrested and charged with persons not to possess firearms, carrying a firearm without a license, terroristic threats, simple assault, and multiple counts of recklessly endangering another person.  On July 14, 2023, following a bench trial, the court convicted Appellant of persons not to possess firearms and simple assault and acquitted Appellant of the remaining charges.  On August 10, 2023, the court sentenced Appellant to an aggregate term of 6 to 12 years of incarceration.

On November 2, 2023, Appellant filed an untimely post-sentence motion, which the court denied on November 27, 2023.  On December 22, 2023, Appellant filed a notice of appeal.  However, on April 25, 2024, Appellant withdrew his appeal.  On April 30, 2024, Appellant timely filed a counseled PCRA petition.  On July 25, 2024, the court reinstated Appellant's right to file a post-sentence motion *nunc pro tunc*.  On Monday, August 5, 2024, Appellant timely filed his *nunc pro tunc* post-sentence motion, challenging the weight of the evidence supporting his conviction for persons not to possess a firearm.  On August 6, 2024, the court denied Appellant's motion.

_____

[2] "To murk" means "to kill." (N.T Trial, 7/14/23, at 79).

[3] D.G. and his sisters Da.G. and H.G. are minors; accordingly, we have redacted their names.  (**See** N.T. Trial, 7/13/23, at 17, 31, 44).  Both D.G. and Da.G. share the same initials, including the middle initial, so we refer to them as D.G. and Da.G. to differentiate.

On August 7, 2024, Appellant timely appealed. The court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant did not file one.

On appeal, Appellant raises the following issue for our review:

> Whether the trial court abused its discretion in denying [Appellant's] post-sentence motion for a new trial based on the weight of the evidence, where the testimonies were conflicting with each other, and the witnesses had motivation to lie to such an extent that the finding of the existence of a firearm went against the weight of the evidence?

(Appellant's Brief at 6).

Appellant argues that his conviction for persons not to possess firearms is against the weight of the evidence because Ms. Green had a motive to frame him. Specifically, Appellant claims that Ms. Green hates him because he had previously accused her of infidelity, while being engaged in infidelity himself. Appellant highlights that Ms. Green has previously spoken with the Parole Board in an attempt to keep Appellant in prison in an unrelated prior case.

Appellant further asserts that eyewitness testimony was inconsistent. First, he contends that the witnesses' descriptions of the firearm conflicted, and that each witness had different descriptions of varying events that occurred during the incident. Specifically, Appellant notes that D.G. described the gun as light gray, while Da.G. and Ms. Green described the gun as being all black. Second, Appellant maintains that the children testified the incident occurred at 3:00 p.m., while Ms. Green testified that it occurred at 5:45 p.m. Finally, Appellant points out that Da.G. testified that Appellant slapped H.G.

with the back of his hand, and then Ms. Green got out of her vehicle; D.G. testified that Ms. Green got out of her vehicle and that five minutes later, Appellant hit H.G. with the back of his hand; and Ms. Green testified that she got out of her car immediately, and that Appellant slapped H.G. with the front of his hand.  Under these circumstances, Appellant concludes that the court erred by denying his challenge to the weight of the evidence.  We disagree.

Our standard of review regarding challenges to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  An appellate court cannot substitute its judgment for that of the finder of fact.  Thus, we may only reverse the .... verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> ***Commonwealth v. Small***, 559 Pa. 423, [435,] 741 A.2d 666, 672-73 (1999).  Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence.  Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (most internal citations omitted).

Instantly, the trial court observed:

> [This court] found as credible the testimony of Tarell Green, Da.G., and D.G.  The testimony of each of these witnesses was largely consistent with the other witnesses' testimony.  There were minor inconsistencies, such as the exact time of

- 4 -

day the incident occurred. However, all three testified that it was in the late afternoon/early evening on September 23, 2022, which is the same date that the police were called to report the incident. Otherwise, their testimony regarding the cause of the argument, the words spoken during the argument, and [Appellant's] actions in pulling a firearm were consistent.

In contrast, [Appellant] asserts that his alibi witnesses, Shatia Stubblefield, Laneka Young, and Sharaya Gray, should be given greater weight. This [c]ourt did not find the testimony of these witnesses to be credible. Further, none of the witnesses were able to recollect with any sort of specificity that the date they saw [Appellant] was September 23, 2022, the date this incident occurred. As such, their testimony was properly disregarded.

(Trial Court Opinion, 3/14/24, at 5).

The record supports the trial court's conclusions. Although minor inconsistencies and discrepancies existed in the testimony, as detailed by Appellant above, the testimony regarding major events, such as Appellant striking H.G. in the face and pulling a firearm on Ms. Green and the threats uttered towards her, were all consistent. None of the "discrepancies" resulted in a verdict which would shock one's sense of justice. *See Small, supra*. Further, although Appellant contends that Ms. Green and the children had motive to lie, the court nevertheless found them credible and Appellant's witnesses not credible, as is within its purview.[4] *See Champney, supra*.

---

[4] We also note that, although Appellant cross-examined Ms. Green extensively regarding her testimony as well as her prior conviction for retail theft, he never cross-examined her about her alleged motive to lie or her testimony before the Parole Board. (*See* N.T. Trial, 7/14/23, at 116-118). Rather, Appellant confined his attempts to introduce this evidence through his own testimony, and that of Ms. Stubblefield. (*See id.* at 150-53, 185-86).

The trial court, as fact-finder, was free to accept the testimony of the Commonwealth's witnesses and resolve any inconsistencies therein, and to reject the testimony of the defense witnesses. **See Champney, supra**. On this record, we see no reason to disrupt the court's ruling on Appellant's weight claim. **See id.** Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2025